FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 11 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ELVIRA ABGARYAN,

Petitioner,

v.

ERIC H. HOLDER Jr., Attorney General,

Respondent.

No. 05-74894

Agency No. A076-356-840

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 9, 2009 [**]
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and LYNN, [***] District
Judge.

Petitioner Elvira Abgaryan ("Abgaryan"), a citizen of Armenia, seeks

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously finds this case suitable for decision without
oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Barbara M.G. Lynn, U.S. District Judge for the
Northern District of Texas, sitting by designation.

1

cancellation of removal under the battered spouse provision of the Immigration and Nationality Act (INA). INA § 240A(b)(2); 8 U.S.C. § 1229b(b)(2). We have jurisdiction pursuant to 8 U.S.C. § 1252 and we deny the petition for cancellation of removal.[1]

Although the Attorney General has discretion whether to grant or deny an application for cancellation of removal, *see* 8 U.S.C. § 1229b(b)(2), we retain jurisdiction to review an alien's statutory eligibility for such relief. *See Montero-Martinez v. Ashcroft*, 277 F.3d 1137, 1144-45 (9th Cir. 2002) (holding that the court retained jurisdiction to review the purely legal question of whether the applicant's adult daughter qualified as a "child" under section 240A(b)(1) and was thus eligible for cancellation of removal). Thus, we have jurisdiction to review the BIA's determination that Abgaryan is ineligible for cancellation of removal under section 240A(b)(2) because she failed to establish the validity of her marriage to a United States citizen by showing that her first marriage had ended in death or divorce.

We conclude that the record does not compel a conclusion contrary to the BIA's. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992). The

---

[1] The parties are familiar with the facts of this case and we repeat them here only as necessary.

2

government's expert witness testified that the death certificate Abgaryan presented was fraudulent. Furthermore, the United States embassy in Armenia submitted a report stating the divorce decree Abgaryan proffered was false. Abgaryan has pointed to no evidence contradicting these findings or otherwise compelling the conclusion that her subsequent marriage to a United States citizen was legally valid.[2]

**PETITION DENIED**.

---

[2] We do not review the IJ's adverse credibility finding, since the BIA did not address it. *See Hanna v. Keisler*, 506 F.3d 933, 937 (9th Cir. 2007).